**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Laborers' International Union of North** | ) | **CASE NO. 06-cv-2408** |
| **America, Local 860, and** | ) | |
| **Laborers' International Union of North** | ) | |
| **America, Local 1410** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Kokosing Construction Co., Inc.,** | ) | |
| **RB Jergens Contractors, Inc.,** | ) | |
| **SK Construction Co., and** | ) | |
| **A&A Safety, Inc.** | ) | **Memorandum Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

Defendants have filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and

Failure to State a Claim for Which Relief can be Granted (Doc. 7).  Plaintiffs Laborers'

International Union of North America, Local 860 ("Local 860") and Laborers' International

Union of North America, Local 1410 ("Local 1410") (collectively the "Local Unions") seek to

enforce an arbitration award against Defendants Kokosing Construction Co., Inc. ("Kokosing"),

RB Jergens Contractors, Inc. ("RB Jergens"), and SK Construction Co. ("SK") (collectively the

1

"Contractors") and to enjoin a lawsuit filed by A&A Safety, Inc. ("A&A"), a non-union
subcontractor.  For the reasons that follow, the motion is DENIED.

**FACTS**

The Local Unions' Complaint alleges the following.  The Local Unions are "labor
organizations" and the Contractors and A&A are "employers engaged in an industry affecting
commerce" within the meaning of 29 U.S.C. §§ 152(2) and (7).  The Local Unions and the
Contractors are alleged to be parties to a collective bargaining agreement ("CBA") which is
attached to the Complaint.  A&A was a non-union subcontractor that worked on a number of
projects throughout Ohio, including the I-90 Project in Cuyahoga County.  The Contractors
subcontracted A&A to perform work without subjecting it to the terms and conditions of the
CBA as required by the following CBA provision:

> It is agreed that all subcontractors shall be subject to the terms and provisions of
> this Agreement.  Any contractor who sublets any of his work must sublet same
> subject to this Agreement.  The Contractor agrees to notify the Union as to the
> name of any subcontractors prior to the time the subcontractor commences on the
> job or project.

CBA Article XV.

The Local Unions responded by filing a grievance against the Contractors.   An
arbitration hearing was conducted to answer the question of "whether the Contractors violated
Article XV in subcontracting work to A&A Safety, Inc., without subjecting it to the terms and
conditions of the CBA."  The arbitrator concluded in a decision attached to the Complaint that
"any subcontractor on any construction project of a contractor under the Agreement, without
exception, is mandated to perform the subcontracted work according to the terms and provisions
of the Agreement."  The arbitrator rejected the Contractors' argument that they were merely

2

complying with the Ohio Department of Transportation's requirement that they use Disadvantaged Business Entities such as A&A.  The arbitrator concluded that the Contractors "failed to present a convincing argument that ODOT has authorized the Contractors to disregard the subcontractor provisions of the Agreement, or prohibited them from taking action to force A&A to comply therewith."  The Local Unions' first claim for relief asks the Court to enforce the arbitration award.

The second claim for relief explains that the CBA required "A&A to become bound by the CBA.  A&A did not and neither Kokosing nor RB Jergens took any action to enforce these provisions in their respective subcontract agreements."  The Kokosing/A&A subcontractor agreement includes a section on "Union Contracts" which addresses an "obligation to be bound [to] any and all methods to resolve disputes as to which labor agreement or commitment is applicable to the scope of work involved in this subcontract."  The Local Unions allege that A&A is therefore bound by the arbitration award.  They seek an order requiring A&A to comply with the award and enjoining A&A from maintaining any lawsuit challenging the award, "namely its state court action against Locals 860 and 1410 and several other Laborers' Locals, in which it claims the Local Unions tortiously interfered with its business relations and contracts with Contractors by filing grievances and submitting the same to arbitration."

The third claim for relief explains that the Local Unions agreed not to strike only to the extent that the Contractors would agree to submit grievances to an arbitrator and abide by the decisions of any arbitrator.  Because the Contractors have refused to abide by the award, "Plaintiffs now seek an Order from the Court invalidating the no-strike provision of Article XII of the CBA until such time the Contractors and A&A comply with Arbitrator Belkin's award."

3

Defendants responded with their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim for Which Relief can be Granted.

**STANDARD OF REVIEW**

A Rule 12(b)(1) motion challenges the Court's subject matter jurisdiction.  "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists."  *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).  "When a 12(b)(1) motion attacks the face of a complaint, the plaintiff's burden to prove federal question subject matter jurisdiction is not onerous."  *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).  The plaintiff must only show that the federal claim is not frivolous.  *Id.*  However, where there are disputed issues of fact "no presumptive truthfulness attaches to plaintiff's allegations . . . ."  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court primarily considers the allegations of the allegations of the complaint, "although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account."  *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)). The allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff.  *Lawrence v. Chancery Court of Tenn.,* 188 F.3d 687, 691 (6th Cir. 1999).  However, "a court is not required to accept as true unwarranted legal conclusions and/or factual allegations."

4

*Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 327 (6th Cir. 2006).  In the context of factual allegations, courts distinguish between "reasonable" factual inferences that must be accepted and "unwarranted" factual inferences that need not be accepted.  *Id*. at 328.

A claim is not to be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *see also Hammond v. Baldwin,* 866 F.2d 172, 175 (6th Cir. 1989).  Notice pleading requires only that the defendant be given "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.  However, the complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman* (*In Re DeLorean Motor Co.*)*,* 991 F.2d 1236, 1240 (6th Cir. 1993).  "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)).  Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489-490 (6th Cir. 1990).

### **DISCUSSION**

Defendants state two reasons why the Local Unions' Complaint should be dismissed.  First, Defendants argue that the Court lacks jurisdiction over Plaintiffs' claims under Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, because the Local Unions are not parties to the CBA.  Second, A&A points to a recent remand order in a similar lawsuit in the United States District Court for the Southern District of Ohio and claims that "Plaintiffs are issue precluded from seeking that which another federal court refused them."

5

Because it could be dispositive of the entire case, the Court will first address the subject matter jurisdiction issue. Plaintiff claims that subject matter jurisdiction exists under Section 301 of the LMRA. Section 301 provides in relevant part that "[s]uits for violations of contracts between an employer and a labor organization representing employees . . . may be brought in any district court of the United States having jurisdiction of the parties." 29 U.S.C. § 185. The Court agrees with Defendants that subject matter jurisdiction under Section 301 is generally limited to suits by parties to the underlying contract. *See Metro. Detroit Bricklayers Dist. Council v. J.E. Hoetger & Co.*, 672 F.2d 580, 583 (6th Cir. 1982) ("We recognize that courts have generally held that this section creates federal jurisdiction only over parties to the contract being sued upon."). Defendants point out that the Laborers' District Council of Ohio ("District Council") signed the CBA as opposed to the Local Unions. The issue is whether the Local Unions are parties to the CBA even though they did not themselves sign the CBA.

Defendants place heavy reliance on *Baton Rouge Building & Construction Trades v. Jacobs Constr., Inc.*, 804 F.2d 879 (5th Cir. 1986).[1] *Baton Rouge Building* recognized that "[i]t

---

[1]      Another case cited in Defendants' reply brief involved the issue of whether a local union had the right to bring arbitration and grievances under the contract. *Local Union No 12405, Dist. 50, United Mine Workers v. Martin Marietta Corp.*, 328 F.2d 945, 947-48 (7th Cir. 1964). *Martin Marietta* is not relevant to subject matter jurisdiction. It focused not on whether the local union was a party to the agreement, but rather on which union entity was supposed to bring arbitration proceedings under the agreement. To the extent that Defendants could be understood to be arguing interpretation of particular contract terms, as opposed to whether the Local Unions are parties to the contract, this issue is not properly presented to the Court in a reply brief. The Court renders no opinion on which entity is required to file arbitration under the contract, or the legal consequences of the parties' conduct during the arbitration proceedings.

is clear that 'a section 301 suit may be brought for violation of a labor contract only against those who are parties to the contract at issue.'"[2]  804 F.2d at 882.  However, *Baton Rouge Building* does not stand for the blanket proposition that a member union is not a party to a contract involving a parent union.  In contrast to this case, the *Baton Rouge Building* plaintiffs relied exclusively on a provision that the contract was to determine "the relations between the parties and/or subordinate sub-divisions signing thereto."  The Fifth Circuit concluded that the local unions were not parties.  Although they were "subordinate sub-divisions" the contract further required that they "sign[] thereto."  *Id.*

In contrast, the contract here clearly evidences that the local unions are parties to the CBA.[3]  The District Council is referred to by reference to the "Local Unions of which it is comprised" and the "Local Unions which are members of the Laborer's District Council of Ohio."  Both the member contractors (of the Labor Relations Division of the Ohio Contractors Association) and Local Unions are referred to as "subscribing" to the contract.  The subscribing Local Unions are then listed in Exhibits D and E to the CBA.[4]  The remainder of the CBA

---

[2]    The Court does not agree with the holding of  *McKinstry Co. v. Sheet Metal Workers' Int'l Assoc., Local Union #16*, 859 F.2d 1382, 1387 (9th Cir. 1988), that a nonparty local union can bring an action so long as there is no conflict with the parent union.  In any event, as with the case cited in note 1, *supra*, the Ninth Circuit was addressing contract interpretation issues, not subject matter jurisdiction.

[3]    Although the Court finds it unnecessary to consider extrinsic evidence, the Local Unions have submitted an affidavit and Union Constitution which provide further evidence that the Local Unions are parties to the CBA.  The Local Unions also point out that they arbitrated the underlying dispute without objection.

[4]    Defendants argue that the contractors signed the agreement, while the Local Unions did not.  However, the Local Unions are

includes numerous specific requirements and limitations on the Local Unions. Some, such as the no-strike provision, are imposed by reference to the District Council "or members thereof," while other provisions, such as those governing grievances, refer expressly to the "Local Unions."[5]

Accordingly, because the Local Unions are parties to the CBA, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

The final issue is whether to dismiss the claims against A&A safety. One problem with Defendants' argument is that it is not entirely clear what they are asking for. Defendants' one-paragraph argument requests that the Court find that "Plaintiffs are issue precluded from seeking that which another federal court refused to give them[,]" that "Principles of res judicata and issue preclusion apply and prevent this Court from overturning Judge Barrett's Order" and that "this Court has no jurisdiction over A&A Safety under § 301 where the attempt is to relitigate Judge Barrett's decision." Defendants fail to cite any authority in support of their argument or to discuss Judge Barrett's decision in any detail.

_____

relatively static bodies with geographically defined membership, while the member contractors may change more frequently. Importantly, and unlike *Baton Rouge Building*, there is nothing in the contract requiring member Local Unions to sign the agreement.

[5]     Defendants point to the fact that the District Council is the "sole representative of all employees in the classification of work under its jurisdiction covered by this Agreement, for the purposes of collective bargaining." However, this provision merely explains the District Council's role in negotiations, just as other provisions distribute responsibility for certain activities to the Local Unions. It is clear from the CBA that the Local Unions actually represent employees within their jurisdictions.

It appears that Defendants are relying on the doctrine of res judicata.[6]  "'[R]es judicata has four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.'"  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995)).  Res judicata actually consists of two preclusion concepts.  "Issue preclusion," which is also referred to as collateral estoppel, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided."  *Rawe*, 462 F.3d at 528 n.5 (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)).  "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit."  *Id.*

The Court has reviewed Judge Barrett's decision.  *See A&A Safety, Inc. v. Laborers' Int'l Union of N. Am.*, No. 1:06cv311 (S.D. Ohio Sept. 12, 2006).  In that case, A&A alleged that the defendant unions conspired to prevent contractors from subcontracting work to A&A, a non-union subcontractor.  The unions did this through provisions of the CBA, grievances and arbitration proceedings.  A&A brought claims in state court for tortious interference with contract, tortious interference with business relations, tortious interference with prospective business expectancy and violation of public policy.  Defendants removed the action to federal

---

[6]        These were the only arguments specific to A&A that Defendants raised in their moving brief.  In light of the limited scope of Defendants' argument and the failure to cite any authority, the Court will not opine on other issues not properly presented.

court based on preemption under Section 301.

At issue before Judge Barrett was A&A's motion to remand. Judge Barrett concluded that Section 301 did not preempt A&A's state law claims. In reaching this conclusion, the Court considered the following test for preemption:

> "To determine whether a state-law claim is sufficiently 'independent' to survive § 301 preemption, this court has adopted a two-step inquiry. *DeCoe* [*v. General Motors Corp.*], 32 F.3d 212, 216-17 (6th Cir. 1994). First, courts must determine whether resolving the state-law claim would require interpretation of the terms of the collective bargaining agreement. If so, the claim is preempted. Second, courts must ascertain whether the rights claimed by the plaintiff were created by the collective bargaining agreement, or instead by state law. *Id.* at 216. If the rights were created by the collective bargaining agreement, the claim is preempted. In short, if a state-law claim fails either of these two requirements, it is preempted by § 301." *Mattis v. Massman*, 355 F.3d 902, 906 (6th Cir. 2004).

Relevant to this motion, the unions' defense that they were enforcing their CBA rights to have their contractors bind subcontractors to the CBA was found to be a mere federal defense to the state law claims and not a sufficient basis for preemption. Thus, the CBA was not necessary for resolving the state law claims and the rights claimed by A&A were not created by the CBA.

This Court finds that neither claim preclusion nor issue preclusion prevents the Local Unions from asserting their claims here. As for issue preclusion, Judge Barrett merely concluded that the existence of a federal defense did not require A&A's complaint to be removed to federal court. This is not the same as a holding that an affirmative claim based on the same subject matter as that defense cannot be raised in federal court. As for claim preclusion, the only decision that is final is the federal court's decision to remand. The Local Unions did not have an opportunity to resolve the merits in that forum because the case was remanded to state court. As for the state court decision, this Court is not aware of a final decision in that action.

Accordingly, the Court concludes that res judicata does not prevent the Local Unions

10

from bringing their claims in this Court.

**CONCLUSION**

For the foregoing reasons, Defendants' motion is DENIED.

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated:  1/3/07